UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

J.A.S.H. et al.,

        Petitioners,

v.

ROBERT LYNCH et al.,

        Respondents.
_____/

Case No. 1:25-cv-1389

Hon. Hala Y. Jarbou

## **OPINION**

This is a habeas corpus action brought by the following Petitioners:

J.A.S.H., J.S.O., M.R.R., R.A.B.V., F.A.Z.S., R.A., F.A.P.O., H.R.P.V., R.L.O., K.J.F.L., L.A.N., E.F.T.L., A.A.R., J.J.G.R., K.T., A.R.G., A.S.R.W., R.J.M.C., A.Y.T.C., J.J.S.M., W.O.M., L.M.B., R.J.O.L., W.V., L.P.O., C.C.J., I.O.G.P., A.A.A., A.D.M.F., G.M.A.M., F.A.A.G., E.A.P.R., J.M.S.J.D., O.A.T.C., R.J.G.A., M.M.S., R.A.G.Q., M.J.G., M.L.T., J.G.G., J.A.M.M., M.A.L.C., L.L.T., O.G.H., J.L.G.B., I.R.M., G.S.H., V.J.R.F., R.H.F., C.P.E., A.G.C., E.L.M., D.J.B.V., C.A.M., H.E.B.P., F.B.D., E.P.J., M.J.C.R., J.B.C.S., J.G.D.G., H.J.B.S., D.J.R.M., J.D.C.V., S.J.M.C., F.J.V.L., J.G.R.A., J.L.Z.P., L.S.C.E., W.D.P.P., A.A.N., R.T.P., A.R.C.L., Y.J.L.L., Y.Y.R.C., A.J.P.H., J.A.B.B., H.D.M.M., I.B.L., W.D.T.Q., R.E.M.F., C.P.R., M.A.O.G., G.M.F.R., A.D.B.H., N.C.A., L.P.B., P.G.H.J., R.B.M., M.A.H.P., P.S., J.M.M.U., U.A.M., R.P.M., J.I.C., F.B.D. , E.R.Q., and P.C.A.

(Pet., ECF No. 1, PageID.1.) As best as the Court can discern, there are ninety-seven Petitioners, identified only by their initials.

Petitioners aver that they are natives and citizens of countries other than the United States who entered the United States at various times between 1989 and 2024. (*Id*., PageID.2.) Petitioners were all living in Illinois prior to their arrest by the United States Immigration and Customs Enforcement (ICE). At various times during September and October 2025, Petitioners were arrested, transported to the Broadview Processing Center in Broadview, Illinois, and then

transported to the North Lake Processing Center in Baldwin, Lake County, Michigan. Petitioners—with a couple of exceptions, as explained below—remain detained at that facility. Petitioners challenge the lawfulness of their continued detention.

Petitioners name as Respondents Field Office Director of the Detroit Field Office of ICE Robert Lynch, United States Secretary of Homeland Security Kristi Noem, and Attorney General of the United States Pamela Bondi. Petitioners ask the Court for the following relief: to accept jurisdiction over this action; to issue an order to show cause compelling Respondents to show cause why the petitioner should not be granted within three days; to declare that Respondents' actions to detain Petitioners violate the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedures Act; to issue a writ of habeas corpus ordering Respondents to immediately release Petitioners on their own recognizance or under parole or, in the alternative, to order the Immigration Court to give Petitioners bond hearings; to declare that Petitioners' detention is unlawful; and to award attorneys' fees and costs for this action. (*Id.*, PageID.29.)

I.     **Failure to Disclose Petitioners' Names**

Section 2243 of Title 28 of the United States Code requires the Court to "forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. In the instant case, it appears from the petition, as presented, that the Petitioners are not entitled to relief. Accordingly, upon preliminary review, the Court will dismiss the petition without prejudice.

The Rules Governing § 2254 Cases in the United States District Courts govern petitions for a writ of habeas corpus filed under § 2254; but, the rules also allow "[t]he district court [to] apply any or all of the[] rules to a habeas corpus petition not covered by" § 2254. Rule 1(b), Rules

Governing § 2254 Cases. Further, Rule 12 of the Rules Governing § 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rule 12, Rules Governing § 2254 Cases.

Federal Rule of Civil Procedure 10(a)[1] requires that the complaint—here the petition—"name all the parties . . . ." Fed. R. Civ. P. 10(a). "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980)). "Identifying the parties to the proceeding is an important dimension of publicness[; t]he people have a right to know who is using their courts." *Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 872 (7th Cir. 1997).

Plaintiffs or Petitioners are permitted to proceed anonymously only under certain circumstances that justify an exception. *See Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). To warrant an exception, "a plaintiff's privacy interests [should] substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Factors courts consider when weighing those competing interests include:

(1)   whether the plaintiffs seeking anonymity are suing to challenge governmental activity;

(2)   whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy";

(3)   whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and

---

[1] The Court has not located any authority that suggests that Rule 10(a) is inconsistent with the statutory provisions or rules that govern habeas cases in the federal courts.

3

(4)     whether the plaintiffs are children.

*Id*. (citing *Doe v. Stegall*, 653 F.2d at 185–86).

Petitioners' petition does not satisfy the requirements of Rule 10(a). Moreover, the petition does not describe any exceptional circumstances that might justify that failure. Based on Petitioners' allegations, "dismissal of [the] complaint for failure to comply with Rule 10(a) [would be] appropriate." *Koe v. Univ. Hosp. Health Sys., Inc.*, No. 22-3952, 2024 WL 1048184, at *3 (6th Cir. Mar. 8, 2024) (citing *Doe v. Carson*, Nos. 19-1566/19-1714, 2020 WL 2611189, at *3 (6th Cir. May 6, 2020) and *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1045-46 (9th Cir. 2010)).

**II.     Motion to Proceed Pseudonymously**

Perhaps in recognition of the deficiency in Petitioners' initial pleading, after filing their petition, Petitioners filed a motion for leave to proceed under pseudonyms. (ECF No. 5.) Petitioners contend that three of the four factors identified above favor permitting them to proceed pseudonymously: they are suing to challenge governmental activity; they will be compelled to disclose information of the utmost intimacy; and the public interest in knowing the Petitioners' identities is minimal.[2] (ECF No. 5, PageID.29–30.)

**A.     Challenge to Governmental Activity**

Petitioners are plainly challenging governmental activity, specifically the government's refusal to afford Petitioners bond hearings. But that generic description, standing alone, does not

---

[2] The only factor Petitioners fail to address is the protection that is afforded to children. That circumstance, however, is one for which the Federal Rules of Civil Procedure compel proceeding pseudonymously. Rule 5.2(a) requires that any filing that includes the name of an individual known to be a minor include only the minor's initials. It seems unlikely that any of the Petitioners who were arrested, held at Broadview, then transferred out of state to North Lake and detained there, are minors. And it is obvious that any Petitioners that entered the United States between 1989 and 2007 are not presently minors.

4

give rise to a privacy interest that supports ignoring the public's interest in the business of the courts. Indeed, without providing further explanation, Petitioners argue only that "this factor weighs heavily in favor of Petitioners proceeding under pseudonym." (*Id.*, PageID.29.)

However, this Court has made clear that "the first factor is not dispositive." *Doe v. Univ. of Pittsburgh*, No. 1:17-cv-213, 2018 WL 1312219, at *2 (W.D. Mich. Mar. 14, 2018) "'The simple fact that plaintiff sues a governmental entity does not give the court more reason to grant her request for anonymity.'" *Id.* (quoting *Doe v. Pittsylvania Cnty., Va.*, 844 F. Supp. 2d 724, 730 (W.D. Va. 2012) and citing *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992) ("*Wynne & Jaffe* does not stand, however, for the proposition that there is more reason to grant a plaintiff's request for anonymity if the plaintiff is suing the government.")). Thus, Petitioners must demonstrate something more than the fact that they are challenging governmental activity to tip the scale in their favor.

### B.    Disclosure of Confidential Information

Petitioners contend that their identities should be protected because that information is "of the utmost intimacy." (ECF No. 5, PageID.29.) They argue further that such disclosure violates federal law and policy, specifically 8 C.F.R. §§ 208.6 and 236.6.

Section 208.6 of the Code of Federal Regulations limits the disclosure of

> [i]nformation contained in or pertaining to any application for refugee admission, asylum, withholding of removal under section 241(b)(3) of the Act, or protection under regulations issued pursuant to the Convention Against Torture's implementing legislation, records pertaining to any credible fear determination conducted pursuant to § 208.30, and records pertaining to any reasonable fear determination conducted pursuant to § 208.31.

8 C.F.R. 208.6(a). That information "shall not be disclosed without the written consent of the applicant, except as permitted by this section or at the discretion of the Secretary." *Id*. However, 8 C.F.R. 208.6(a) "[does] not apply to any disclosure to . . . [a]ny Federal, State, or local court in the

United States considering any legal action . . . [a]rising from the proceedings of which the asylum application, credible fear determination, or reasonable fear determination is a part." *Id.* § 208.6(c)(2)(ii). The regulation, therefore, does not support Petitioner's claim that disclosure of Petitioners' names would violate federal law and/or policy.

Petitioners have also failed to demonstrate that each of them—or any of them—would be at risk simply because of the disclosure of their names as petitioners in this action. Petitioners offer only this statement: "this action includes Petitioners who fear return to their country of origin as well as Petitioners with family remaining in their country of origin who may experience retaliation by persecutors in their country of origin if [Petitioners'] identities are disclosed." (ECF No. 5, PageID.30.)

Petitioners offer no facts that support their conclusory statement. Moreover, Petitioners fail to explain which of the ninety-seven Petitioners would be affected or how they, or the others, would suffer such consequences based solely on the appearance of their names in the caption of this case. Hundreds of cases just like Petitioners' cases, including more than 100 cases in this Court, have been filed by *named* non-citizen detainees over the last three months. That entirely undercuts Petitioners' argument.

Section 236.6 of the Code of Federal Regulations, on the other hand, limits disclosure of information relating to a detainee by a particular group of individuals or entities, stating:

> No person, including any state or local government entity or any privately operated detention facility, that houses, maintains, provides services to, or otherwise holds any detainee on behalf of the Service (whether by contract or otherwise), and no other person who by virtue of any official or contractual relationship with such person obtains information relating to any detainee, shall disclose or otherwise permit to be made public the name of, or other information relating to, such detainee. Such information shall be under the control of the Service and shall be subject to public disclosure only pursuant to the provisions of applicable federal laws, regulations and executive orders.

8 C.F.R. § 236.6. Including Petitioners' names in the present petition would not implicate the protections of § 236.6 and, notwithstanding Petitioners conclusory contrary statements, including Petitioners' names in the case caption would not disclose information "of the utmost intimacy." Therefore, based on the information provided by Petitioners, this factor does not weigh in their favor.

### C.     Public Interest

Finally, Petitioners claim that the public interest weighs in favor of allowing Petitioners to proceed pseudonymously. That claim turns the analysis on its head. To obtain the relief they seek, Petitioners must show that their "privacy interests . . . substantially outweigh" the public's interest in open judicial proceedings. *Doe v. Porter*, 370 F.3d at 560. The "public interest" is already accounted for on the scale. Petitioners cannot simply shift the weight of the public interest to their side of the scale.

As discussed above, consideration of the identified factors does not support the relief that Petitioners request. The Court concludes that Petitioners have failed to demonstrate that their interests in privacy substantially outweigh the public's interest in open judicial proceedings. Petitioners' motion to proceed pseudonymously, therefore, will be denied. Moreover, the § 2241 petition fails to comply with Rule 10(a) and will be dismissed without prejudice.[3]

---

[3] Over the last eleven weeks the Court has received more than 100 petitions from noncitizens seeking release under § 2241. The present petition is exceptional in that it seeks to join the claims of nearly one hundred detainees. The joinder of all of those claims may well be permissible under the Federal Rules of Civil Procedure in that, as Petitioners allege, "their right to relief arises out of the same series of occurrences . . . [and the] action involves a question of law common to all [Petitioners], the denial of access to a bond hearing . . . ." (Pet., ECF No. 1, PageID.4.) But that does not mean that joinder is advisable. Based on the Court's wealth of recent experience with the issues raised in these cases, whether or not the government is properly holding a noncitizen detainee without a bond hearing under 8 U.S.C. § 1225 requires an individualized inquiry into that detainee's circumstances of entry into and presence in this country such that judicial economy is not furthered by joinder. Accordingly, Petitioners are advised that if they again file a petition

**III.     Motion to Voluntarily Dismiss Certain Petitioners**

Petitioners have filed a motion to voluntarily dismiss without prejudice the claims of eight petitioners because they have obtained alternate counsel, seven petitioners because they have terminated representation by counsel, and two petitioners because they have been released. (ECF No. 4.) In light of the Court's dismissal of the entire petition without prejudice, the Court will deny the motion as moot.

## Conclusion

For the reasons discussed above, the Court will enter an order denying Petitioners' motion to proceed pseudonymously (ECF No. 5) and denying as moot Petitioner's motion to dismiss (ECF No. 4). The Court will enter a judgment dismissing without prejudice Petitioners' § 2241 petition for failure to comply with Federal Rule of Civil Procedure 10(a). In § 2241 cases involving immigration detainees, the Court need not address whether to grant a certificate of appealability. *See Ojo v. I.N.S.*, 106 F.3d 680, 681 (5th Cir. 1997).

Dated: November 20, 2025                          /s/ Hala Y. Jarbou
                                                  HALA Y. JARBOU
                                                  CHIEF UNITED STATES DISTRICT JUDGE

---

joining multiple petitioners, the Court may sever the petition of each Petitioner into a separate action.